Hart, J.
The principal error assigned by the defendant is that “the Court of Appeals erred in affirming the judgment and sentence of the Court of Common Pleas in finding the defendant-appellant guilty of the crime of pointing and discharging a firearm, for the reason that said offense is not included in the offense with which he was charged, to wit, ‘shooting with intent to wound.’ ”
Section 12420, General Code, under which the defendant was indicted, provides as follows:
“Whoever maliciously shoots, stabs, cuts, or shoots at another person with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary *195 not less than one year nor more than twenty years.”
Section 12422, General Code, provides as follows:
“Whoever intentionally, and without malice, points or aims a firearm at or toward a person or discharges a firearm so pointed or aimed, or maims or injures a person by the discharge of a firearm so pointed or aimed, shall be fined not more than one hundred dollars, or imprisoned not more than one year or both. This section shall not extend to a case when firearms are used in self-defense, or in the discharge of official duty, or in case of justifiable homicide.”
The court charged the jury with respect to the indictment that the state must prove that the shooting, if it occurred, was done unlawfully and maliciously and with intent to wound Charles Sager. The court further charged as follows:
“However, should you find that this defendant is not guilty of the crime of which he stands charged in the indictment, it would then become your duty to consider whether or not he may be guilty of one or more of certain lesser crimes which are in the concept of the law included within the crime of shooting with intent to wound. * * *
< Í * * *
“The lesser crimes included within the crime of shooting with intent to wound, also include the crime of pointing and discharging firearms. * * * That crime is defined by Section 12422 of the General Code which was in force and effect at the date alleged in the indictment as ‘whoever intentionally, and without malice, points or aims a firearm at or toward a person, or discharges a firearm so pointed or aimed, or maims or injures a person by the discharge of a firearm so-pointed or aimed’ is guilty of the crime of pointing or discharging firearms.”
The defendant claims that the offense of “pointing and discharging firearms” is not one included in the offense charged, for the reason, among others, that, *196 although malice is an element of the offense of shooting with intent to wound, it is not an element of the offense of pointing and discharging firearms. In support of this contention the defendant cites the case of Riflemaker v. State, 25 Ohio St., 395, wherein the court held:
“On an indictment for maliciously cutting with intent to wound, a verdict of ‘guilty of cutting with intent to wound,’ is not sufficient to sustain a judgment as upon conviction.”
This court in that case held that the verdict of cutting with intent to wound did not respond to the whole charge in the indictment but omitted to find the essential ingredient of malice. That case is not in point here. Only one offense was there involved. The court simply held that a verdict of “guilty of cutting with intent to wound” did not sustain a conviction of the crime of “maliciously cutting with intent to wound” as charged in the indictment.
Section 13448-2, General Code (Section 2945.74, Revised Code), provides:
“ * * * When the indictment or information charges an offense, including different degrees, or if other offenses ' are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.”
This court in the case of State v. Kuchmak, 159 Ohio St., 363, 112 N. E. (2d), 371, construing the statute just quoted, held that a defendant may be found not guilty of the offense charged but guilty of a lesser included offense, and that an offense is a lesser included offense where all the elements of such offense are present with others in the offense charged in an indictment. Under such circumstances, the defendant suffers no prejudice, where the evidence establishes his guilt of such lesser offense.
Where the elements of another offense are not in- *197 eluded among those of the offense charged in the indictment, the defendant cannot be found guilty of such other offense under the indictment. However, if certain but not all the elements of the offense charged in the indictment constitute in themselves an offense, then such offense is a lesser included offense.
In Barber v. State, 39 Ohio St., 660, the defendant was indicted for maliciously cutting with intent to kill. That indictment was based on Section 6820, Revised Statutes, which provided that “whoever maliciously shoots, stabs, cuts or shoots at, another person, with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not more than twenty nor less than one year.” The verdict was guilty of “maliciously cutting with intent to wound.” It will be noted that the same statute made “cutting with intent to kill” and “cutting with intent to wound” two separate offenses with a different intent in each.
In construing Section 7316, Revised Statutes, providing that “when the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of an inferior degree, ’ ’ the court there said:
“An assault and battery is a degree inferior to the principal offense charged in the indictment, and hence, the defendant might be found guilty of an assault and battery under this indictment. Heller v. State, 23 Ohio St., 582. But he could not, upon this-indictment, be properly found guilty of maliciously cutting with intent to wound. That is not an ‘inferior degree’ to that charged in the indictment, within the meaning of the statute, but is of the same degree, and may be punished with equal severity. Cutting with the specific intent of wounding not being charged in this indictment, there can be no conviction under it of that offense.” For similar examples, see State v. Labus, 102 Ohio St., 26, 130 N. E., 161; and Bandy v. State, 102 Ohio St., 384, 131 N. E., 499, 21 A. L. R., 594.
*198 It is apparent that defendant could not have shot with an intent to wound, which is the charge in the indictment, unless he (1) intentionally pointed a firearm at a person and (2) intentionally discharged such firearm. These latter two elements were necessarily present with others in the offense charged in the indictment, and hence, when the jury found the defendant guilty of “pointing and discharging firearms,” it found the defendant guilty of lesser included offenses.
We find that the other assignments of error made by the defendant are without merit.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taet, Zimmerman, Stewart and Lamneck, JJ., concur.